UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| FREDERICK M. LITTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO.: 2:11-CV-257 |
| | ) |
| WELLMONT HEALTH SYSTEMS, *ET AL.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on several Motions To Dismiss, [Docs. 16, 20, 24, 26, 29, 49 and 51], Motions To Strike, [Docs. 37, 39, 40, 41 and 44], a Motion for Leave to File an Amended Complaint, [Doc. 42], and a Motion For Voluntary Dismissal, [Doc. 33]. At issue in all motions is whether the plaintiff's claims should be dismissed with prejudice for a failure to comply with the Notice and Certificate of Good Faith filing requirements pursuant to sections 29-26-121 and 122 of the Tennessee Medical Malpractice Act ("TMMA"), Tenn. Code Ann. § 29-26-115, *et seq.*, or whether the plaintiff should be allowed to file an Amended Complaint satisfying the requirements. Alternatively, the plaintiff seeks to voluntarily dismiss the lawsuit without prejudice. The matter is ripe for review. For the reasons stated below, the Motions To Strike, [Docs. 37, 39, 40, 41 and 44], and Motions To Dismiss, [Docs. 16, 20, 24, 26, 29, 49 and 51], are GRANTED. As such, the Motion for Leave to File an Amended Complaint, [Doc. 42],[1] and the Motion for Voluntary Dismissal, [Doc. 33], are DENIED.

---

[1] The plaintiff filed the first Motion for Leave to File an Amended Complaint, [Doc. 31], on November 7, 2011. However, it did not include the Proposed Amended Complaint as an exhibit. Thus, the motion was terminated for

# I. Factual Background

The plaintiff filed his Complaint on September 2, 2011. He alleges claims of medical malpractice pursuant to Tennessee law.[2] *See* Tenn. Code Ann. § 29-26-115, *et seq*. It is undisputed that the Complaint did not follow the Notice and Certificate of Good Faith requirements set forth in Tennessee Code Annotated section 29-26-121(a) and (b) and section 122. Therefore, Defendants Frontier Health, Mountain States Health Alliance, Terry C. Borel, M.D., Wellmont Health System, Northeast Tennessee Emergency Physicians, and Adrian C. Buckner, M.D., filed Motions To Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) due to the Complaint's deficiencies. Only some of these defendants moved to dismiss for failing to comply with section 29-26-121(a) and (b), the Notice requirement. All defendants moved to dismiss for failing to comply with section 29-26-122, the Certificate of Good Faith Requirement.

Approximately two months after filing the Complaint, and shortly after several defendants filed their Motions to Dismiss, the plaintiff attempted to cure the errors by filing a Certificate of Good Faith, [Doc. 32], and a Motion for Leave to File an Amended Complaint, [Doc. 42]. In that motion, the plaintiff states that he had a written letter from a medical expert, as required by section 29-26-122, at the time of filing the Complaint. He also asserts that he had in his possession all documentation required to comply with section 29-26-121. The plaintiff claims that he can file all of the required documentation if allowed to amend his Complaint

---

failure to follow Local Rule 15.1. *See* E.D. Tenn. L.R. 15.1. The plaintiff refiled the motion and a copy of the Proposed Amended Complaint on November 18, 2011.

[2] In Documents 33 and 42, the plaintiff states, "This action can fairly be described as a medical negligence action, although some of the conduct alleged against Wellmont could be described as being both medical negligence along with other legal theories." However, the plaintiff never states what these legal theories are. In addition, he did not file any responses to the various Motions To Dismiss. Thus, he has never argued that the gravamen of the Complaint sounds in any claim other than medical malpractice. The Court will treat the Complaint as only raising medical malpractice claims and will, therefore, apply the requirements of the TMMA.

pursuant to Federal Rule of Civil Procedure 15.[3] Alternatively, the plaintiff moves the Court to voluntarily dismiss his case without prejudice, [Doc. 33].

Several defendants filed Motions To Strike the Certificate of Good Faith shortly after its filing. Then, on May 2, 2012, Summonses were issued as to Defendants Chumbley, Glass and Marcum. The Summons for Defendant Glass was returned unexecuted on June 18, 2012. Also in June 2012, Defendants Chumbley and Marcum filed their Motions To Dismiss based on the same grounds as the other defendants' motions.

## II. Legal Standard

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face," *id*. at 570;

---

[3] It appears from the Proposed Amended Complaint attached to the Motion for Leave to File an Amended Complaint that the plaintiff has attempted to correct his past errors. However, this Court need not determine the sufficiency of the Amended Complaint at this time. For the reasons stated below, it comes too little too late.

3

see also *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. Moreover, this Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft*, 129 S.Ct. at 1949. Lastly, this Court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

### III. Analysis

Because all defendants who filed Motions To Dismiss seek dismissal for failure to comply with the Certificate of Good Faith Requirement, and because the Motions To Strike move to strike the late-filed Certificate of Good Faith, this Court will address that issue first. Moreover, for the reasons that follow, this Court finds that issue is dispositive. Thus, this Court need not address the Pre-suit Notice issue.

In this diversity action, Tennessee substantive law applies. Tennessee Code Annotated section 29-26-122(a) provides in pertinent part:

> In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause.

4

Tenn. Code Ann. § 29-26-122(a). Thus, the plain language of the statute requires dismissal of a Complaint with prejudice if the section's requirements are not met, absent the two named exceptions.

Here, the plaintiff has not claimed that he did not receive any copies of his medical records from providers. Further, he has not offered any explanation, much less a showing of extraordinary cause, as to why he did not comply with section 29-26-122's requirements for filing the Certificate of Good Faith with his complaint.[4] This Court could assume that the plaintiff's assertion that he had a letter from a medical expert at the time of filing the Complaint is a reason to excuse the filing requirement. However, the Tennessee Court of Appeals, in *Brandon v. Williamson Medical Center*, 343 S.W.3d 784, 792 (Tenn. Ct. App. 2010), *perm. app. denied* (Tenn. Apr. 15, 2011), upheld the circuit court's decision to dismiss plaintiff's case with prejudice for failing to file a timely Certificate of Good Faith in a similar situation. The court in *Brandon* applied a previous version of section 29-26-122. However, the filing requirements were essentially the same with one major exception. The plaintiff in *Brandon* had 90 days from the filing of the Complaint to file the Certificate. In the case at bar, the Certificate was required to be filed contemporaneously with the Complaint.

In *Brandon*, the plaintiff had a letter from a medical expert in her possession prior to the expiration of the time period in which to file the Certificate. *Id*. at 790. However, she did not file the Certificate within the 90-day time period. *Id*. Instead, she filed a motion to enlarge the time to file the Certificate after the 90-day time period had expired and two weeks after the defendants filed a motion to dismiss for failing to meet the statute's requirements. *Id*. The court held that she did not show the necessary cause to excuse dismissal of her Complaint with prejudice. *Id*. at 791; *see also Barnett v. Elite Sports Medicine*, No. M2010-00619-COA-R3-CV,

---
[4] As noted above, plaintiff did not respond to any of the motions to dismiss.

5

Case 2:11-cv-00257   Document 53   Filed 09/24/12   Page 5 of 8   PageID #: 269

2010 WL 5289669, *5 (Tenn. Ct. App. Dec. 17, 2010) (dismissing suit for failure to file Certificate even though she had an email from a medical expert in her possession opining medical malpractice at the time of refiling her Complaint). *But see Truth v. Eskioglu*, 781 F.Supp.2d 630, 635-36 (M.D. Tenn. 2011) (refusing to dismiss plaintiff's Complaint for failing to file certificate when plaintiff had a letter from a physician opining there was evidence of medical malpractice in her possession prior to filing suit and when defendant failed to provide complete medical records).

Similarly, this Court assumes that the plaintiff would argue that because he had the letter in his possession at the time of filing the Complaint, then he has shown extraordinary cause. This Court agrees with the reasoning in *Brandon*, however. The fact that the plaintiff had the letter in his possession has a tendency to show that he was aware of the requirement. Most importantly, however, is the fact that the plaintiff has offered no explanation for his failure to follow the requirements. Had he responded to the motions or given reasons for the failure, then this Court perhaps could have gone into more detail in analyzing whether extraordinary cause exists in this case. On the current record, this Court can come to no other conclusion.

The plaintiff makes cursory mention that Federal Rule of Civil Procedure 15 allows this Court to freely give leave to amend complaints. *See* [Doc. 33 and 42]. This Court could infer from such statement that plaintiff means for Rule 15 to trump Tennessee substantive law. Medical malpractice pre-suit notice requirements are substantive law to be applied in federal diversity cases. *See Miller v. Monroe County, Tennessee*, No. 3:09-CV-85, 2010 WL 1427298, at *4 (E.D. Tenn. April 7, 2010). Moreover, district courts within the Sixth Circuit have held that the requirement of a state law certificate or affidavit of good faith in regard to state law medical malpractice claims is also substantive law that applies in diversity cases. *See id.*; *see also*

*Nicholson v. Collins*, No. 1:09cv137, 2009 WL 4147884, at *3 (S.D. Ohio Nov. 23, 2009); *Lee v. Putz*, No. 1:03-CV-267, 2006 WL 1791304, at *4 (W.D. Mich. June 27, 2006). Therefore, this Court will apply the substantive law of Tennessee and it requires dismissal of the suit with prejudice.

This Court realizes that this is a harsh result, for it seems a mere technicality requires dismissal of the suit. The Court further understands that the purpose of the pre-suit Notice and Certificate of Good Faith requirements are designed to reduce the number of frivolous lawsuits and to facilitate early resolution of cases through settlement. *Jenkins v. Marvel*, 683 F.Supp.2d 626, 639 (E.D. Tenn. 2010) (explaining the purpose of the requirements and the legislative history behind the 2009 Amendment). In this situation, one could argue that the purpose of the Act would not be fulfilled by dismissal, considering a medical expert had opined that the case was not frivolous prior to filing suit. In addition, the plaintiff apparently had the documentation in his possession to satisfy the Notice requirements. Nonetheless, Tennessee case law, which this Court must follow in this diversity action, dictates a different result. Although this Court may not agree with the statutory requirements and the result in this case, it is the Tennessee legislature, and not this Court, that drafts the laws of the state. Any change to a law that may seem to some unjust must come from the legislature. This Court will not use federal procedural law, i.e. Federal Rule of Civil Procedure 15, to subvert Tennessee substantive law. Accordingly, the Motions to Strike and the Motions to Dismiss must be GRANTED. Likewise, the Motion for Leave to File an Amended Complaint, [Doc. 42], and the Motion for Voluntary Dismissal, [Doc. 33], must be DENIED.

## IV. Conclusion

For the reasons stated above, the Motions To Strike, [Docs. 37, 39, 40, 41 and 44], and Motions To Dismiss, [Docs. 16, 20, 24, 26, 29, 49 and 51], are GRANTED and the Motion for Leave to File an Amended Complaint, [Doc. 42], and the Motion for Voluntary Dismissal, [Doc. 33], are DENIED. Accordingly, the claims against these defendants are DISMISSED WITH PREJUDICE. Moreover, it appears from the record that the Summons for Defendant James Glass, M.D. was returned unexecuted, [Doc. 48], and Defendant Christopher Crone, M.D. was never served. Typically, this Court would need to give the plaintiff notice before dismissing the case against these defendants for failure to prosecute. *See* Fed. R. Civ. P. 4(m). However, the Complaint against them suffers from the same substantive error as it does with the other defendants in the case. As such, the claims against Defendants Glass and Crone are also DISMISSED WITH PREJUDICE. The Clerk is DIRECTED to close this case upon entry of this Order.

ENTER:

                                        s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE

8

Case 2:11-cv-00257   Document 53   Filed 09/24/12   Page 8 of 8   PageID #: 272